UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CHANDRAKANT N. PATEL; NITA C. PATEL; and Does 1-10,<br><br>    Defendants. | No. 2:15-cv-02298-MCE-EFB<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

Through the present action, Plaintiff Scott Johnson ("Plaintiff") seeks damages against Defendants Chandrakant N. Patel and Nita C. Patel ("Defendants") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") as well as California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh Act"). According to Plaintiff, who is disabled, he encountered various physical barriers when attempting to access Defendants' motel in Stockton, California. Defendants failed to respond to Plaintiff's Complaint, and the Clerk of Court entered default against them. Plaintiff has now filed a Motion to reduce that default to judgment (ECF No. 12) and seeking $8,000.00 in statutory fees and $4,180.00 in attorneys' fees and costs. That Motion, which Defendants have not opposed, is GRANTED as set forth below.[1]

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

1

## BACKGROUND

Plaintiff is a level C-5 quadriplegic who cannot walk, has significant manual dexterity impairments, and uses a wheelchair for mobility. As such, he qualifies as a person with a disability under the ADA. See 42 U.S.C. § 12102(2)(A).

Plaintiff alleges that in November and December 2014 and March, July, and August 2015, he went to the Capri Motel located at 1140 N. Wilson Way in Stockton, California. He claims that as he approached the Motel, which is owned by Defendants, he could not locate any disability-compliant path of travel to either the guestrooms or the office. He also alleges that no service counter accessible to persons with disabilities was located outside the Motel's office. Plaintiff therefore claims he was dissuaded from returning to the Motel.

Plaintiff subsequently filed suit against Defendants on November 5, 2015 as indicated above. Proof of Service was thereafter filed on December 1, 2015, attesting to the fact that service of the Summons and Complaint was effectuated on both Defendants on November 30, 2015. ECF Nos. 4-5. On January 22, 2015, after Defendants failed to answer or enter any response to his Complaint, Plaintiff requested that default be entered in his favor. ECF No. 6-7. The Clerk of Court subsequently entered default against Defendants on January 25, 2016. ECF No. 8.

## STANDARD

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). Default judgments are ordinarily disfavored (Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)) given the preference that cases should be decided upon their merits whenever reasonably possible. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). Whether to grant a motion for default judgment in any particular instance is

nonetheless a matter within the court's sound discretion.  Eitel, 782 F.2d at 1472.  The Ninth Circuit has set forth a variety of factors (the "Eitel factors") which may be considered in exercising that discretion: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Id.

## ANALYSIS

### A.   The Eitel Factors Favor Entry of a Default Judgment

On balance, the Eitel factors favor entry of default judgment in this case.  Considering the first factor, if Plaintiff's application for default judgment were to be denied, Plaintiff would be prejudiced because he would be left without a remedy.  This factor consequently weighs in favor of default judgment.  See J & J Sports Prods., Inc. v. Concepcion, No. C10-05092 WHA, 2011 WL 2220101 at *2 (N.D. Cal. June 7, 2011).

As to the second and third Eitel factors, Plaintiff's substantive claims appear meritorious and his complaint is sufficiently pled.  Plaintiff has identified specific barriers under the American with Disabilities Act Accessibility Guidelines which he claims impaired his access.  He has also identified at least five occasions on which he claims those barriers impeded that access.  Under the ADA, Plaintiff is entitled to an order requiring Defendants to remove those unlawful barriers.  See 42 U.S.C. § 12188.  Moreover, under the Unruh Act, Plaintiff has demonstrated his entitlement to actual damages in an amount not less than $4,000.00 for each time he suffered access discrimination.  Cal. Civ. Code § 52(a).  The $8,000.00 in statutory damages sought is less than Plaintiff could conceivably claim given the number of times he claims he visited Defendants' Motel and encountered barriers.

Where there is a properly pled and supported complaint and the defendants have failed to oppose the motion, as is the case here, "no factual disputes exist that would preclude the entry of default judgment" and this factor consequently "favors the entry of default judgment . . . "  Vogel  v. Rite Aid Corp., 992 F. Supp. 2d  998, 1013 (C.D. Cal. 2014).  Moreover, with regard to the possibility of excusable neglect, while there is always a theoretical possibility that defendants might claim an excuse on that basis, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers served in support of the instant motion," as they were here, this factor also favors entry of default judgment. Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).  Finally, although cases should be decided upon their merits wherever possible, the fact that Rule 55(b), by its terms, permits default judgment demonstrates that "this preference standing alone, is not dispositive." PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Based on the foregoing, Plaintiff has shown that default judgment is appropriate.

### B.    Attorneys' Fees

Having determined, on the basis of Plaintiff's Complaint and his application for default judgment, that his rights under both the ADA and the Unruh Act were violated, Plaintiff is entitled, as a prevailing party, to an award of reasonable attorney's fees under both statutory frameworks. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a).  According to the Declaration of Plaintiff's counsel, Mark Potter, he has spent a total of 8.8 hours litigating this matter.  Citing his 22 years of practice in ADA and disability-related litigation, he seeks to be compensated for that time at the rate of $425.00 per hour. Potter Decl., ECF No. 12-4, ¶¶ 5-6. Potter consequently asks this Court to award attorney's fees in the amount of $3,740.00, plus $440.00 in filing fees and services costs for a total of $4,180.00.

While Mr. Potter is unquestionably entitled to the fees and costs he claims, and although the 8.8 hours expended in this matter is admittedly modest, the Court still has a

duty to determine the reasonableness of the hourly rate he seeks.  Once that amount is decided, then the lodestar recovery amount is derived by multiplying that reasonable hourly rate by the number of hours spent litigating the case.  Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998).

In Johnson v. Patel, No. 2:14-cv-02078-WBS-AC, 2015 WL 300740 (E.D. Cal. Jan. 22, 2015), this court analyzed another fee request made by the same counsel representing Plaintiff in this case.   Following a review of applicable case law, the court determined that "the prevailing rate [for attorney's fees under the ADA] is $250 per hour in the Sacramento division of the Eastern District of California for similar services by lawyers of reasonably comparable skill, experience and quality." Id. at * 4; citing Loskot v. D&K Spirits, LLC, No. 2:10-cv-00684-WBS-DAD, 2011 WL 567364 at * 5 (E.D. Cal. Feb. 15, 2011 (citing numerous Eastern District ADA cases where $250 was determined to be a reasonable rate on default judgment)); [2] Johnson v. Dhami, No. 2:14-cv-01150-KJM-AC, 2014 WL 4368665 at * 3 (same).  Moreover, in Johnson v. Wayside Property, Inc., No. 2:13-1610 WBS AC, 2014 WL 6634324 at * 6 (E.D. Cal. 2014), another case involving Plaintiff's counsel, a district judge here in Sacramento found, in approving a $300 rate in a contested ADA case, that there was no evidence showing that Sacramento attorneys representing plaintiffs in routine disability access cases charge rates in excess of the $300.  That case further cited yet another decision, made just seven months previously, to Mr. Potter in the amount of $300. Id. at * 5-6, discussing Johnson v. Allied Tractor Supply, No. 2:13-cv-01544-WBS-EFB, 2014 WL 1334006 (E.D. Cal. Apr. 3, 2014).

No evidence has been presented in this proceeding that causes this Court to conclude that the prevailing Sacramento rate of $250-$300 as recently as two years ago has measurably increased.   Consequently, Plaintiff is awarded $300 per hour for the

---

[2] Although the Johnson v. Patel decision was  subsequently vacated by Johnson v. Patel, 2:14-cv-02078-WBS-AC, 2015 WL 3451753 (E.D. Cal. May 28, 2015), the order was vacated because the judgment against Defendants was ultimately deemed to have been set aside, and not because its observations concerning the prevailing hourly rate for attorney's fees were in any way misplaced had default been upheld.

5

time expended by his counsel in this matter.  Given the 8.8 hours in time expended, that yields a total fee award of $2,640.00.  When added to the $440.00 in fees and costs and $8,000.00 claimed as statutory damages, the total amount of money damages to which Plaintiff is entitled is $11,080.00.

## CONCLUSION

Based on all the foregoing, and upon review of the Court files, the application for default judgment, the declaration submitted in support of the default judgment, and the other evidence presented, Plaintiff's Application for Default Judgment (ECF No. 12) is accordingly GRANTED.  It is hereby ordered, adjudged and decreed that Plaintiff shall have judgment in his favor in the amount of $11,080.00 against Defendants.  In addition, Defendants are ordered to provide compliant accessible parking spaces at their property located at or about, 1140 N. Wilson Way, Stockton, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

IT IS SO ORDERED.

Dated:  March 14, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE